# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PATRICK C. COLLINS and : CIVIL ACTION
THOMAS MCINTOSH, :
        Plaintiffs, :
         :
        vs. : NO. 08-1422
         :
OMEGA FLEX, INC., trading as :
OMEGAFLEX, :
        Defendant. :

DuBOIS, J.                                                                                             June 15, 2010

## **M E M O R A N D U M**

### I.    INTRODUCTION

This is an employment discrimination action asserted under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). The case arises out of the termination of plaintiffs Patrick C. Collins, Thomas McIntosh, and Abdullah S. Sarnor by defendant Omega Flex, Inc. ("Omega Flex") in May 2006. This Court has jurisdiction over plaintiffs' Title VII claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

Presently before the Court is Plaintiffs' Motion *in Limine* Seeking to Exclude Evidence Relating to Abdullah S. Sarnor, on the ground that, by agreement, his action against Omega Flex was dismissed with prejudice. For the reasons set forth below, the Court: (1) grants that part of plaintiffs' motion which seeks exclusion of Sarnor's Deposition Transcript, without prejudice to the right of defendant to seek reconsideration of the Court's ruling at trial, if warranted by the facts and circumstances; (2) denies that part of plaintiffs' motion which seeks exclusion of the following

documents relating to Sarnor – (a) PennDOT Certificate and Attestation, (b) Separation Notice, and (c) Time Record for the Week of 5/8 to 5/13 – without prejudice to plaintiffs' right to object to questions relating to the three documents which plaintiffs deem to be inadmissible; and (3) denies that part of plaintiffs' motion which seeks exclusion of all information or testimony involving or relating to Sarnor, without prejudice to the right of plaintiffs to object to specific questions concerning Sarnor at trial.

## II. BACKGROUND

Plaintiffs' Complaint alleges that Collins, McIntosh, and Sarnor are African-American males of Liberian descent. (Compl. ¶¶ 1-3.) The three men were employed by Omega Flex, a corporation registered in the Commonwealth of Pennsylvania, at its plant in Exton, Pennsylvania. (Compl. ¶¶ 4, 6-8.) Two co-workers of Collins, McIntosh, and Sarnor made frequent racially derogatory remarks toward them, and "further degrade[d] [Collins, McIntosh, and Sarnor] by telling them they never did any work and that they did not know what they were doing." (Compl. ¶ 10.) Collins, McIntosh, and Sarnor complained to their co-workers, and also to the plant supervisor, to no avail. (Compl. ¶¶ 12-13.)

The three men were terminated on May 16, 2006 for "allegedly leaving the building for 2 hours on the previous Saturday." (Compl. ¶ 15.) The Complaint avers that "the reason given for firing [Collins, McIntosh, and Sarnor] was pretext to mask the true reason for termination, which was based upon [their] race, color and Liberian national origin and because they complained of discrimination and harassment." (Compl. ¶ 16.) They subsequently were replaced with non-Liberian and non-African-American employees. (Compl. ¶ 18.)

Omega Flex responds that it terminated the three employees for a legitimate non-

discriminatory reason. Specifically, the company asserts that Collins, McIntosh, and Sarnor were absent from the plant for two hours during an overtime shift, without clocking out. (Def.'s Mem. at 1.) Omega Flex contends that, during the two hour absence, the three men went to a Pennsylvania Department of Transportation ("PennDOT") office, where Sarnor took a driver examination. (Def.'s Mem. at 2.) This defense is based on: (1) deposition testimony of William Evans, an employee at the plant, who states that Collins, McIntosh, and Sarnor were out of the building during scheduled working hours on May 13, 2006 (Def.'s Mem. at 2, Ex. C); (2) statements from various employees who report that the three men were absent from the plant for a significant period of time that day, or that they were seen returning to the plant together as a group (Def.'s Mem. at 1-2, Ex. A); (3) a statement from Juan Rivera, an employee at the plant, who reports that McIntosh told him that the three men "had gone... to the DMV so that Abdullah could take a drivers test." (Def.'s Mem. at 2, Ex. B.); and (4) PennDOT records confirming that Sarnor took a driver examination on May 13, 2006, at the Frazer, Pennsylvania PennDOT location, approximately five miles from the Omega Flex plant (Def.'s Mem. at 2, Ex. E.).

Sarnor was deposed during the discovery phase of the case, when he was still a named plaintiff. In his deposition, Sarnor testified that he did not go to the Department of Motor Vehicles on May 13, during the time he was clocked into work, and that he did not leave the Omega Flex premises with either McIntosh or Collins on that date. (Def.'s Mem. at 2-3, Ex. D.) However, on May 19, 2009, after being provided with copies of the above-described PennDOT records, Sarnor stipulated to the dismissal with prejudice of all of his claims against Omega Flex. (Stipulation, Document No. 20.) Following this stipulation, only Collins and McIntosh remain as plaintiffs in the lawsuit.

## III.  DISCUSSION

In their motion *in limine*, plaintiffs seek to exclude a variety of evidence relating to Sarnor from the trial in this case. Specifically, plaintiffs request exclusion of: (1) Sarnor's deposition testimony; (2) the PennDOT certificate, separation notice, and time record for the week of 5/8 to 5/13, all regarding Sarnor; and (3) all information or testimony involving or relating to Sarnor. The Court will address each of these items of evidence in turn.

### A.  Sarnor's Deposition Testimony

Defendant argues that Sarnor's deposition testimony is admissible under Federal Rule of Civil Procedure 32(a)(3). Rule 32(a)(3) provides that "[a]n adverse party may use for any purpose the deposition of a party." Fed. R. Civ. P. 32(a)(3). Several courts have construed the meaning of the word "party' within the context of the Rule, and have held that "the term 'party' refers to an individual's status at the time the deposition is offered against him, not at the time the deposition was taken." Garcia v. Estate of Arribas, No. 04-1159, 2006 WL 5249748, at *6 (D. Kan. March 31, 2006) (citing Codeiro v. Levasseau, 112 F.R.D. 209, 210 (D.R.I. 1986)); see also Brown v. Daniel Realty Co., 976 A.2d 300, 312-13 (Md. 2009) (construing similar state rule of civil procedure); Rojhani v. Meagher, 22 P.3d 554, 559-60 (Colo. App. Ct. 2000) (same). The Court adopts the reasoning of these decisions, and concludes that Rule 32(a)(3) does not permit an adverse party to introduce the deposition testimony of an individual who is no longer a party at trial. Since Sarnor is no longer a party in the case, as a result of the May 19, 2009 Stipulation of Dismissal, defendant may not admit Sarnor's deposition testimony as evidence at trial pursuant to Rule 32(a)(3), notwithstanding the fact that Sarnor was a party to the case when he gave the deposition.

In the alternative, defendant argues that Sarnor's deposition testimony is admissible under

Rule 32(a)(4)(B), which provides that "[a] party may use for any purpose the deposition of a witness, whether or not a party, if the courts finds... that the witness is more than 100 miles from the place of hearing or trial...." Fed. R. Civ. P. 32(a)(4)(B). In support of this assertion, defendant states that it is "unaware of Sarnor's whereabouts, but believe[s] that he has left the area of Southeastern Pennsylvania." (Def.'s Mem. at 6.)

The Court concludes that defendant has not sufficiently demonstrated that Sarnor is unavailable, as required pursuant to Rule 32(a)(4)(B). "The burden of showing the witness's unavailability... rests with the party seeking to introduce the deposition." Chao v. Tyson Foods, Inc., 255 F.R.D. 560, 561 (N.D. Ala. 2009) (quoting Jauch v. Corley, 830 F.2d 47, 50 (5th Cir. 1987)). In averring that it is "unaware of Sarnor's whereabouts, but believe[s] that he has left the area of Southeastern Pennsylvania," defendant has failed to satisfy its burden under the Rule. See Jauch, 830 F.2d at 50 ("plaintiff did not satisfy his burden by stating merely that he did not know where [the witness] was"). Therefore, on the present state of the record, the Court grants that part of plaintiffs' motion *in limine* seeking exclusion of Sarnor's deposition testimony.[1] The Court's ruling is without prejudice to the right of defendant to seek reconsideration at trial, if warranted by the facts and circumstances.

### B. PennDOT Certificate, Separation Notice, and Time Record Relating to Sarnor

Plaintiffs also seek to exclude three documents involving Sarnor's termination: (a) the

---

[1] In view of this decision, the Court need not reach the issue of whether or not the content of Sarnor's deposition testimony is relevant under Federal Rules of Evidence 401 and 402. See 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, Federal Practice and Procedure § 2143 (3d ed. 2010) ("Even if the conditions of Rule 32(a) are met, a deposition is admissible only to the extent that it satisfies the rules of evidence."); Fed. R. Civ. P. 32(a)(1)(B).

PennDOT certificate relating to Sarnor's driver examination; (b) Sarnor's separation notice; and (c) Sarnor's time record for the week of May 8 to May 13, 2006. Plaintiffs contend that these documents are irrelevant to plaintiffs' claims, insofar as Sarnor is no longer a party to the case, and should be therefore excluded under Federal Rule of Evidence 402.[2] Alternatively, plaintiffs assert that the documents would mislead and confuse the jury, and should be excluded pursuant to Federal Rule of Evidence 403.[3]

The Court concludes that the PennDOT certificate, separation notice, and time record constitute relevant evidence, under Rule 402. Defendant's proffered defense to plaintiffs' discrimination claims is that plaintiffs were terminated for an unauthorized absence from work during working hours on May 13, 2006. The PennDOT certificate, when viewed together with the proffered testimony of defense witnesses that Sarnor and plaintiffs were simultaneously missing from work for several hours on May 13 and that plaintiff McIntosh reported that plaintiffs accompanied Sarnor to his driver examination, is relevant evidence, notwithstanding the dismissal of Sarnor's claims. Sarnor's time record is also relevant, insofar as it demonstrates that Sarnor was scheduled to work on May 13, along with Collins and McIntosh, and that the three men could have left together from the Omega Flex plant that day. Finally, Sarnor's separation notice is admissible under Rule 402 to the extent that it shows that all three employees were terminated on the same

---

[2] Rule 402 provides that "evidence which is not relevant is not admissible." Fed. R. Evid. 402. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Fed. R. Evid. 401.

[3] Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." Fed. R. Evid. 403.

date, allegedly due to their absence from work on May 13th.

Nor is the probative value of the evidence substantially outweighed by the danger of unfair prejudice or misleading the jury under Rule 403, as plaintiffs argue. On this issue, the Third Circuit has opined, "the fact that probative evidence helps one side prove its case obviously is not grounds for excluding it under Rule 403." Goodman v. Pennsylvania Turnpike Comm'n, 293 F.3d 655, 670 (3d Cir. 2002). Evidence that Sarnor took a driver examination on the same date that Collins and McIntosh were working and that he was subsequently terminated on the same date as plaintiffs, when considered in light of defendant's other proffered evidence, is probative of the legitimacy of defendant's alleged basis for terminating plaintiffs – that they were absent from work on May 13, along with Sarnor. That the evidence may help defendant prove its defense is not grounds for exclusion. Id.

Accordingly, the Court denies that part of plaintiffs' motion *in limine* which seeks exclusion of the PennDOT certificate, Sarnor's separation notice, and Sarnor's time record for the period of May 8 to May 13, 2006. This ruling is without prejudice to plaintiffs' right to object to questions relating to the three documents which plaintiffs deem to be inadmissible.

### C. Information or Testimony Involving or Relating To Sarnor

Finally, plaintiffs seek exclusion of all "information or testimony involving and/or relating to Abdullah S. Sarnor." Aside from the deposition testimony and documents discussed above, plaintiffs do not specify any particular "information or testimony" relating to Sarnor to which they object. Rather, it appears that plaintiffs wish to sanitize the trial of any reference to Sarnor

whatsoever. For the same reasons set forth in Section B above, the Court denies this part of plaintiffs' motion *in limine*. The Court's ruling is without prejudice to the right of plaintiffs to object to specific questions concerning Sarnor at trial.

## IV. CONCLUSION

For the forgoing reasons, the Court: (1) grants that part of plaintiffs' motion which seeks exclusion of Sarnor's Deposition Transcript, without prejudice to the right of defendant to seek reconsideration of the Court's ruling at trial, if warranted by the facts and circumstances; (2) denies that part of plaintiffs' motion which seeks exclusion of the following documents relating to Sarnor – (a) PennDOT Certificate and Attestation, (b) Separation Notice, and (c) Time Record for the Week of 5/8 to 5/13 – without prejudice to plaintiffs' right to object to questions relating to the three documents which plaintiffs deem to be inadmissible; and (3) denies that part of plaintiffs' motion which seeks exclusion of all information or testimony involving or relating to Sarnor, without prejudice to the right of plaintiffs to object to specific questions concerning Sarnor at trial.

An appropriate Order follows.